IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

FILED
**July 30, 2024**

ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**LESLIE BEVERLY,**
**Respondent Below, Petitioner**

**v.) No. 23-ICA-575**    (Fam. Ct. Wyoming Cnty. No. FC-55-2018-D-155)

**EDNA BEVERLY,**
**Petitioner Below, Respondent**


**MEMORANDUM DECISION**

Petitioner Leslie Beverly ("Husband") appeals the Family Court of Wyoming County's August 14, 2023, final order holding him in contempt for his failure to pay for Respondent Edna Beverly's ("Wife") car that she was awarded as spousal support in gross[1] in the parties' divorce. Wife responded in favor of the family court's decision.[2] Husband filed a timely reply.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2022). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the family court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

The parties were married on September 28, 1970, and were married for forty-eight (48) years. They separated on September 14, 2018, and the final divorce hearing was held on June 3, 2019. Both parties had representation for the divorce. Together, the parties owned a home, tracts of land, and two vehicles, one of which was a 2017 Hyundai. The parties reached an agreement on the division of all assets and debts. As part of the agreement, as in gross spousal support for Wife, Husband agreed to pay off the 2017 Hyundai by making payments directly to the lienholder, TD Auto. The divorce order stated, "[wife] shall be awarded alimony in gross in an amount equal to pay off the loan to TD Auto for the automobile that the Petitioner has received use, possession, and ownership of pursuant to this civil action. [Husband] shall pay the monthly payment due to TD Auto until said debt is paid in full."

---

[1] West Virginia Code § 48-1-243 (2001) defines spousal support in gross as "spousal support payable either in a lump sum, or in periodic payments of a definite amount over a specific period of time."

[2] Husband is self-represented. Wife is represented by Melissa G. Kahle, Esq.

1

In May of 2022, the car was damaged in a flood. Upon filing an insurance claim, Wife received notice from TD Auto that Husband had not made payments on the car since July of 2020 and that a balance of $14,146.44 was due. Wife then filed a petition for contempt for Husband's failure to pay the car payments. A hearing was held on Wife's petition on July 31, 2023. At that hearing, Husband argued that he should not be responsible for the car payments since the car was paid off with insurance proceeds. Wife argued that the payments were for spousal support, not the debt owed to TD Auto. She further argued that if Husband had made timely payments, she would have equity in the car. Instead, she was forced to use all of her insurance proceeds to pay off the balance owed on the car plus late fees. The family court found that Husband's failure to pay resulted in late fees and the final balance owed on the car was $14,146.44. As such, the family court found Husband in contempt and ordered him to pay the full balance by making $200.00 monthly payments to Wife until Husband pays spousal support in an amount equal to the debt to purge his contempt. The family court also ruled that if any of Husband's payments are more than thirty days late, Wife shall file an affidavit with the family court and the family court will issue a judgment in the amount owed plus four percent interest per year. The final order was entered on August 14, 2023, and from that order Husband now appeals.

We apply the following standard of review:

> When a final order of a family court is appealed to the Intermediate Court of Appeals of West Virginia, the Intermediate Court of Appeals shall review the findings of fact made by the family court for clear error, and the family court's application of law to the facts for an abuse of discretion. The Intermediate Court of Appeals shall review questions of law de novo.

Syl. Pt. 2, *Christopher P. v. Amanda C.*, No. 22-918, 2024 WL 2966177, __ W. Va. __, __S.E.2d __ (2024); *accord* W. Va. Code § 51-2A-14(c) (2005) (specifying standards for appellate court review of family court orders).

On appeal, Husband contends that the family court erred when it ordered him to pay $200.00 per month to Wife to purge his contempt after the car was damaged in a flood and the loan was subsequently paid off by insurance proceeds. We disagree. West Virginia Code § 48-8-101(a) (2001) states, "[s]pousal support may be paid as a lump sum or as periodic installments without affecting its character as spousal support." Here, the final divorce order directed that, "[wife] shall be awarded alimony in gross in an amount equal to pay off the loan to TD Auto for the automobile that the Petitioner has received[.]" Husband was not simply ordered to pay off the car's loan; rather, Husband was ordered to pay alimony in gross in the form of car payments. The car's loan being paid in full by insurance proceeds did not alleviate Husband's court-ordered obligation to pay alimony in gross. Thus, the family court did not commit error or abuse its discretion in finding Husband in contempt and ordering him to pay his spousal support in gross obligation to Wife in monthly installments of $200.00 in an amount equal to the debt paid off by the

2

insurance proceeds. *See Sandusky v. Sandusky*, 166 W. Va. 383, 271 S.E.2d 434 (1981) (per curiam) (holding that a court can require a party to make mortgage payments as alimony).

Accordingly, we affirm the family court's August 14, 2023, order.

Affirmed.

**ISSUED:** July 30, 2024

**CONCURRED IN BY:**

Chief Judge Thomas E. Scarr
Judge Charles O. Lorensen
Judge Daniel W. Greear